# IN THE COURT OF APPEALS OF IOWA

No. 24-1519
Filed May 21, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS LEE GONTERMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Van Buren County, John M. Wright, Judge.

        A defendant appeals his sentence following his guilty plea for driving while barred as a habitual offender.  **APPEAL DISMISSED.**

        Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

        Considered without oral argument by Langholz, P.J., Sandy, J., and Doyle, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**SANDY, Judge.**

Travis Gonterman appeals his sentence following his guilty plea for driving while barred as a habitual offender. On appeal, Gonterman contends the district court erred by not providing any reasons on the record for his sentence. But because Gonterman has failed to establish good cause, we lack jurisdiction to entertain his appeal. Consequently, we dismiss this appeal.

## I. Background Facts and Proceedings

According to the minutes of testimony, on the afternoon of October 19, 2023, Van Buren County Sherriff's Deputy Adam McIntyre spotted Gonterman driving a silver Chevrolet Impala. Deputy McIntyre knew Gonterman's license was barred at the time because he had previously arrested him three separate times for driving with a barred license. Deputy McIntrye initiated a traffic stop and arrested Gonterman without incident.

Gonterman was subsequently charged by trial information with one count of driving while barred as a habitual offender in violation of Iowa Code section 321.561 (2024). Gonterman initially entered a written plea of not guilty. However, during a pre-trial conference hearing held in August 2024, Gonterman's attorney informed the district court that a plea agreement had been reached. Gonterman's attorney stated:

> Your Honor, at this time my client wishes to withdraw his previously entered plea of not guilty and enter a plea of guilty to the charge of driving while barred. In exchange for that guilty plea, it is the joint request of the parties, including my client, that he be sentenced to incarceration, period of up to two years; the fine would be waived based on his incarceration; and that would be all at this time, Your Honor.

Following this statement by defense counsel, the district court engaged in a plea colloquy. As part of the colloquy, the following exchange with Gonterman took place:

> COURT: My understanding of the plea agreement is that in exchange for your voluntary plea of guilty to this charge, at the time of sentencing, you, your attorney, and the county attorney will request that the Court incarcerate you for up to two years in the prison and that the fine in this case be suspended.
> Is that your understanding of the plea agreement?
> DEFENDANT: Yes, sir.
> COURT: Are you in agreement with it?
> DEFENDANT: Yes, sir.

After the colloquy and ensuring a factual basis for the plea existed, the district court accepted Gonterman's guilty plea. The district court subsequently entered an order setting a sentencing hearing.[1] Of note, a written plea agreement was never filed with the district court. Nor does a written guilty plea appear in the record.

An unreported sentencing hearing was held on September 13, 2024. It is not entirely clear from the record why the sentencing hearing was unreported. There are no indications that Gonterman waived his right to have the hearing reported or that he was ever advised that he could waive his right to a reported sentencing hearing. Nonetheless, the district court issued its written sentencing order shortly after the hearing. Gonterman was sentenced to a two-year indeterminate prison sentence. Additionally, he received a suspended $855 fine. The written sentencing order indicated Gonterman attended the sentencing hearing, stating, "[t]he Defendant appeared personally and with his attorney." However, the written order did not provide reasoning for the chosen sentence. The

---

[1] The district court order scheduling the sentencing hearing also sets forth the parties' plea agreement.

written order simply provided, "[f]or the reasons as stated on the record of these proceedings, the Court finds and concludes the following to be an appropriate sentence under the circumstances shown."

This appeal followed.

## II. Good Cause

The right of appeal from a guilty plea exists only if the guilty plea is "for a class 'A' felony or in a case where the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). It is a defendant's burden to establish good cause. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). If a defendant fails to establish good cause, "the court has no jurisdiction, and the appeal must be dismissed." *State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023).

But what is a good cause? Our supreme court has stated that good cause means a "legally sufficient reason." *Damme*, 944 N.W.2d at 104. "What constitutes a legally sufficient reason is context specific." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022) (citation omitted). Generally speaking, a defendant must assert a claim for which we can potentially provide relief to establish good cause. *Id.*

In the context of guilty pleas for non-class "A" felonies, a defendant establishes good cause "when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105. But not all challenges to sentences following guilty pleas will establish good cause. We have consistently found that good cause does not exist "when the sentence imposed is mandatory or the agreed-upon sentence under the plea agreement." *State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023); *Cf. Damme*,

944 N.W.2d at 100 ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").  Here, Gonterman concedes in his brief that he received the agreed-upon sentence under his plea agreement.  Thus, he has failed to establish good cause.

However, Gonterman invites us to conclude he has established good cause because the record is devoid of a written plea agreement and "[t]here was no request made or any waiver entered by [him] that he waived the making of a record at his sentencing hearing."  Our rules of criminal procedure provide that:

> If the offense is a misdemeanor or nonforcible class "D" felony and the parties have entered into a written agreement as to sentence that requests the court to proceed to sentencing without presence of the parties or making of a record, the court may enter judgment in accordance with the sentencing agreement.

Iowa R. Crim. P. 2.27(3)(c).  Additionally, the rules state that "stenographic record of all plea colloquies shall be made."  Iowa R. Crim. P. 2.8(3).  However, we have noted that a reported sentencing hearing can be waived by defendants in serious or aggravated misdemeanor cases.  *See State v. Meeks*, No. 16-1611, 2017 WL 3065161, at *1 (Iowa Ct. App. July 19, 2017).  And in the absence of waiver, criminal defendants have a "right to formal record at sentencing."  *Id.* at *2.

We acknowledge there is some allure to Gonterman's argument that good cause should be found where it is unclear whether a defendant has waived their right to a reported sentencing hearing and the hearing is ultimately unreported.  And our supreme court has recognized that errors related to the sentencing hearing itself can establish good cause.  *See State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) (noting a defendant establishes good cause when "the defendant

challenges his sentencing hearing"). Arguably, failure to report a sentencing hearing without the defendant's waiver could be construed as a sentencing hearing defect.

Even so, we are not convinced this leads to the conclusion that Gonterman has established good cause. In fact, we reach the opposite conclusion. We reach this conclusion because Gonterman is not asserting—as a *basis for relief*—that the district court erred by not having a reported sentencing hearing in the absence of a waiver of a reported hearing. Instead, his claim for relief is that the district court did not provide any reasons for his sentence. In essence, Gonterman is attempting to use a claimed sentencing hearing defect to get us to reach his only claim on appeal—that the district court did not provide any reasoning for his sentence.

To allow Gonterman to claim a sentencing hearing defect simply to get through the good-cause door for a sentencing challenge would invite a host of issues. Most notably, it would invite frivolous appeals, which section 814.6(1)(a)(3) was enacted to curtail. *See Damme*, 944 N.W.2d at 100 ("The legislature amended section 814.6 to curtail frivolous appeals from guilty pleas and thereby enforce their finality.").

Because Gonterman received the agreed-upon sentence contemplated by his plea agreement, we conclude he has not established good cause. *State v. Williams*, No. 23-1258, 2024 WL 4965863, at *2 (Iowa Ct. App. Dec. 4, 2024) ("Because Williams received the agreed-upon sentence under the plea agreement, he has not established good cause to appeal.").

### III. Conclusion

Because we conclude Gonterman has failed to establish good cause, we dismiss his appeal.

**APPEAL DISMISSED.**